## Adolph Block, Appellee, v. J. Mikola and G. Mikola, Appellants.

## Gen. No. 17,988.

JUDGMENTS, § 106*—*when affidavit of merits is necessary.* While the Practice Act of 1907, J. & A. ¶ 8592, provides for judgment as in case of a default if an affidavit of merits is not filed in response to an affidavit of plaintiff's claim, the prior act contained a condition that the defendants should be residents of the county; and where a suit was commenced against nonresidents before the Act

of 1907 went into effect and was called for trial while such act was in force, it was improper to deny a motion to file the affidavit of merits and enter a default.

Appeal from the Superior Court of Cook county; the Hon. WIL-LIAM H. McSURELY, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed October 13, 1913.

**Statement by the Court.** The appellee herein, Adolph Block, June 20, 1906, sued in the Superior Court of Cook county, Illinois, the appellants, J. Mikola and G. Mikola, who were residents of New York, doing business there under the firm name of J. Mikola and Brother. The suit was based on the claim of Block for commissions on ladies' waists sold by him for the defendants under agreement with them.

The suit was begun by attachment on the ground of the nonresidence of the defendants within the State, and certain persons were served as garnishees. A declaration consisting of the common consolidated money counts was filed in the cause July 26th, 1906. Appended was an affidavit of an agent of the plaintiff that the demand of the plaintiff was for commissions on sales and that the amount due to the plaintiff from the defendants was $506.79. The defendants, August 6, 1906, filed a plea of the general issue, but did not then or at any time file an affidavit of merits. The defendants, September 20, 1906, filed a bond under the statute to release the garnishees.

Under orders of the court, a bill of particulars was filed by the plaintiff April 20, 1910, and a more specific one, May 19, 1910. February 9, 1911, the cause was called for trial and a jury impaneled and sworn.

To quote from the transcript of the record: "Thereupon the plaintiff, by his attorney, enters herein his motion for the Court to instruct the jury to find the issues for the plaintiff for failure of the defendants to file affidavit of merits herein, and now on this day it is ordered that the defendants' motion for leave to file affidavit of merits herein instanter, be and is hereby overruled and denied, to which the defendants except

and the Court  *  *  *  instructs the jury to find the issues for the plaintiff.  *  *  *,,

The instruction thus given also included a direction to assess the plaintiff's damages at $506.79.

The jury having returned a verdict in accordance with the instruction, the court, April 8, 1911, after denying a new trial and a motion in arrest, entered judgment on the same for $506.79 and costs, from which the defendants appealed to this court. They have assigned for error the peremptory instruction in favor of the plaintiff and the denial of the defendant's motion for leave to file an affidavit of merits.

HOYNE, O'CONNOR & IRWIN, for appellants.

No appearance for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This judgment must be reversed and the cause remanded to the Superior Court.

By the Practice Act as it existed before July 1, 1907, when the Act of June 3, 1907, entitled "An Act in relation to practice and procedure in courts of record," went into effect, the plaintiff, who had filed an affidavit of claim in a contract suit was entitled to judgment as in case of default on account of the absence of a defendant's affidavit of merits, only when the defendant was a resident of the county in which the suit was brought.

The defendants in this cause were not residents of Cook county nor of Illinois, and when this suit was brought, and when the declaration and plea were respectively filed, no affidavit of merits on their part was necessary to prevent a default. The unverified plea was sufficient for that purpose.

The Act of June 3, 1907, (J. & A. ¶ 8592), re-enacted the provision for judgment as in case of a default if an affidavit of merits was not filed in response to an affidavit of plaintiff's claim, omitting the condition that the defendants must be residents of the county.

The Act of June 3, 1907, also expressly repealed the former Practice Act and the various amendments thereto.

When the cause was called for trial and the motion, made for a judgment as by default because of the absence of an affidavit of merits, the later act was in force.

But it is unnecessary for us to decide whether it was so far retroactive as to apply to suits begun before it went into effect. We hold that either it was inapplicable, and that no affidavit of merits was necessary to prevent the default, or that the motion of defendants for leave to file such an affidavit, which was certainly not necessary when their plea was filed, should have been allowed.

The judgment is reversed and the cause remanded to the Superior Court.

*Reversed and remanded.*